# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTHONY BROWN,** **Plaintiff,** v. **CITY OF NEWARK, et al.,** **Defendants.** | Civ. No. 18-10039 (KM/JAD) **OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Currently before the court are two motions to dismiss the Amended Complaint ("AC", DE 20) for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The first (DE 25) is brought on behalf of defendants the City of Newark, Newark Municipal Jail, and Mayor Ras J. Baraka (collectively, the "City"). The second (DE 28) is brought on behalf of the County of Essex, Essex County Jail, and County Executive Joseph N. DiVincenzo, Jr.[1] (collectively, the "County").

Chief Judge Linares, to whom the case was previously assigned, granted the defendants' motions to dismiss the complaint in its original form, without prejudice to amendment. (DE 18, 19) The plaintiff, Anthony Brown, through counsel, then filed the Amended Complaint. (DE 20) Thereafter, on May 20, 2019, the current motions to dismiss the Amended Complaint were filed. Upon Judge Linares's retirement, the case was reassigned to me. (DE 30) Because over three months had passed without counsel having filed any opposition to the motions to dismiss, on September 10, 2019, I filed an Order to Show Cause requiring the plaintiff to file an opposition within 21 days with a motion to file

---

[1] Mr. DiVincenzo's name is misspelled in the caption, but the plaintiff's designation of the party as the County Executive makes the reference clear enough.

1

out of time, with a warning that if he did not do so, the motions to dismiss might be treated as unopposed and granted. (DE 31) The deadline set in the Order to Show Cause has come and gone. I will therefore decide the motions based on the submissions that are before me.

## I. THE AMENDED COMPLAINT

The allegations of the Amended Complaint, taken as true for purposes of this motion only, are as follows.

Mr. Brown was arrested and confined in jail cells for a total of approximately three days, until his release on June 2, 2016. Initially he was placed in the Newark Municipal Jail, but was transferred at some point to the Essex County Jail. (AC ¶¶ 1, 4)

While confined, Mr. Brown "made request for treatment to the officers on duty to see the medical staff because of the pain and suffering experienced from staying in the cell and the bedding conditions." (AC ¶ 2) The officers, however, "refused to grant him a visit to the infirmary." (AC ¶ 3) The officers thus "deprived the plaintiff of health treatment and exhibited a deliberate indifference by the plaintiff not being treated." (AC ¶ 5) "The deprivation caused the plaintiff to suffer and experiencing marital and social discord by not being treated in a timely manner experienced pain and suffering and unsightly markings about his body. Plaintiff was in extreme discomfort and was refused treatment." (AC ¶ 6)

The Amended Complaint asserts two counts under 42 U.S.C. § 1983. Count 1 alleges that the City is liable for the alleged conduct because of a policy or practice whereby it failed to train the officers properly. Count 2 alleges that the County is similarly liable.

## II. LEGAL STANDARDS

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9

2

(3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

I interpret these claims as Fourteenth Amendment claims of deliberate indifference to a detainee's serious medical needs. The standard, which is at least as high as the Eighth Amendment standard that applies to convicted defendants, is well established:

> To demonstrate an Eighth Amendment violation, [the inmate] must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). We have interpreted this to mean that there are two prongs to the inquiry: (1) deliberate indifference on the part of prison officials; and (2) the prisoner's medical needs are serious. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987); *accord Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999).

3

*DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010). *See also Natale v. Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

I take as my starting point Chief Judge Linares's Opinion dismissing the original complaint. ("Op.", DE 19) The original Complaint (DE 1) alleged that Mr. Brown endured bites from bed bugs while incarcerated. The officials refused treatment. As a result, he allegedly underwent pain and suffering, including permanent marks on his body, as well as emotional distress.

Judge Linares held that the Complaint had failed to plead any constitutional claim.[2] A claim of denial of medical treatment to a prisoner requires a showing of a "serious medical need" that was deliberately ignored. The complaint, he found, contained no facts establishing the seriousness of the plaintiff's condition. He cited ample case law to the effect that claims based on a bed bug infestation or bed bug bites do not rise to the constitutional level. (Op. 4–5) (citing *Walters v. Bosher*, No. 10-1505, 2011 WL 252954, at *4 (D.N.J. Jan. 25, 2011) (collecting cases); *Carson v. Main*, No. 14-7454, 2015 WL 1850193, at *4 (D.N.J. Apr. 21, 2015) ("While bed bugs are no doubt a major annoyance, Plaintiff does not allege that nothing is being done to exterminate the bed bugs, and he does not allege that bed bug bites pose a danger to his health. Without more, the presence of bed bugs in the facility is not sufficient to constitute a constitutional violation"); *Slavish v. City of Wilkes-Barre*, No. 17-1468, 2018 WL 5289500, at *8 (M.D. Pa. June 14, 2018) (collecting cases finding that "claims based upon bed bugs or other nuisances" do not constitute a seriotis medical need for a constitutional failure to treat claim); *Heredia v. Camden Cty. Jail*, No. 16-8633, 2017 WL 2229615, at *2–*3 (D.N.J. June 29, 2017) (finding that vague and conclusory allegations regarding bed bug bites did not set forth a cognizable constitutional violation of a plaintiffs right to adequate medical care). Particularly given the relatively short period of

---

2    Initially, he dismissed the claims against County Executive DiVincenzo and Mayor Baraka, finding that the Complaint failed to allege any personal involvement.

4

incarceration, the complaint failed to set forth any unconstitutional deprivation of treatment of a serious medical need.

The Amended Complaint, I find, does not remedy these deficiencies. Instead of adding factual substantiation, it removes it. Now, the Amended Complaint simply alleges "pain and suffering experienced from staying in the cell and the bedding conditions." (AC ¶ 2) This is obviously, however, the same bed bug allegation; for a plain statement that the plaintiff was bitten by bed bugs, it substitutes a statement that he suffered "markings" on his body, without specifying the cause. Even on the generous assumption that the plaintiff is now referring to something aside from bed bugs, he fails to state what that something is. The complaint fails to identify any medical condition at all, let alone a "serious medical condition" that went unaddressed.

Because no constitutional claim is stated, I do not reach the defendants' other contentions regarding the statute of limitations or vicarious liability.

## CONCLUSION

The motions of the defendants to dismiss the Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), are granted. Because the plaintiff has already had one opportunity to amend his complaint and has not, even in response to an order to show cause, submitted any response to the motions, this dismissal is with prejudice.

The clerk shall close the file. An appropriate order accompanies this opinion.

Dated: September 26, 2019

**KEVIN MCNULTY**
**United States District Judge**